## UNITED STATES v. GILBERT.

### No. 718.

District Court, M. D. Pennsylvania.

May 31, 1932.

1032

Andrew B. Dunsmore, of Wellsboro, Pa., for the United States.

Edwin D. Strite, of Chambersburg, Pa., for defendant.

JOHNSON, District Judge.

On February 9, 1931, the United States of America filed a bill of complaint in this court setting forth that the defendant, J. Warren Gilbert, had previously applied for and had been granted a license to act as a guide at the Gettysburg National Military Park at Gettysburg, Pa., within this middle district. The license was later revoked by the authorities in charge of the Gettysburg National Military Park, and the revocation was approved by the Commanding General of the Third Corps Area, Baltimore, Md. The grounds for the revocation of the license were alleged improper conduct on the part of the defendant while acting as a licensed guide. After the revocation of the permit, the defendant refused to abide thereby, and continued acting as a guide at the military park. The bill of complaint avers that the government has no adequate remedy at law, and prays that a preliminary injunction issue, to be made permanent after final hearing, restraining the defendant from acting in the capacity of guide in and about the National Military Park of Gettysburg. A preliminary injunction was issued which is still in force and effect.

The defendant filed a motion to dismiss the bill of complaint and dissolve the preliminary injunction. After hearing, the motion was dismissed, and the defendant allowed fifteen days within which to file his answer to the bill of complaint.

Answer to the bill was filed on May 9, 1931, and testimony taken on the issue raised.

The defendant maintains, first, that the court does not have the power to grant the relief prayed for, and, secondly, that the facts disclosed do not allow a court of equity to exercise its discretionary powers by granting the prayer of the bill.

Section 6 of the Act of February 11, 1895 (28 Stat. 651 [16 USCA § 430g]), enacted for the regulation of the Gettysburg National Military Park, provides as follows: *"Regulations.*—It shall be the duty of the Secretary of War to establish and enforce proper regulations for the custody, preservation, and care of the monuments erected or which may be hereafter erected within the limits of the said national military park; and such rules shall provide for convenient access by visitors to all such monuments within the park, and the ground included therein, on such days and within such hours as may be designated and authorized by the Secretary of War."

Pursuant to the foregoing act of Congress, the Secretary of War promulgated regulations for the government of national military parks, of which section 30 reads as follows: "No persons shall be permitted to offer their services or to act as guides in any park unless licensed for that purpose by the Commissioners or Superintendent thereof. They shall be furnished with official badges as evidence of their authority, which shall remain the property of the United States and be returned to the park authorities upon revocation of their licenses."

The defendant continued to guide visitors over the park after his license was revoked and until he was temporarily restrained by this court.

The defendant contends there is no act of Congress authorizing the Secretary of War to promulgate regulations governing the licensing of guides at the Gettysburg National Military Park, and that section 30 of the regulations of the Secretary of War, and repeatbe restrained from conducting visitors in and about the park.

Section 6 of the Act of February 11, 1895 (28 Stat. 651) is broad enough in its terms to authorize the Secretary of War to make regulations governing the licensing of guides, and section 30 of the regulations issued by the Secretary of War is valid.

In his answer, the defendant avers that there is a plain, adequate, and complete remedy at law, and that a court of equity has no power to grant the relief prayed for. The only available legal remedy is the imposition of a fine collectible by a suit at law before a justice of the peace, as provided by section 7 of the Act of February 11, 1895 (28 Stat. 651), which is wholly inadequate and will only result in a multiplicity of suits. Robbins v. United States (C. C. A.) 284 F. 39.

The testimony in this case clearly shows that the defendant willfully violated the regulations is of no effect, and defendant cannot edly stated that he would continue to do so. The relief prayed for must be granted.

And now, May 31, 1932, the preliminary injunction heretofore issued on February 9, 1931, restraining the defendant, J. Warren Gilbert, from acting as a guide at the Gettysburg National Military Park, at Gettysburg, Pa., is hereby made permanent.